IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-cv-00030-M

| | | |
|---|---|---|
| CHARLES R. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's petition seeking attorney fees pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act (the "EAJA"). [DE-26] Both Plaintiff's petition and a stipulation filed simultaneously by Defendant note that the $4,450 sought represents a stipulated settlement between the parties intended to satisfy in full any and all claims arising under the EAJA. [DE-25; DE-26]

28 U.S.C. § 2412(d)(1)(A) sets forth as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

1

States was substantially justified or that special circumstances make an award unjust.

The Supreme Court has interpreted 28 U.S.C. § 2412(d)(1)(A) eligibility as requiring satisfaction of four elements:

(1) that the claimant be a "prevailing party";

(2) that the Government's position was not "substantially justified";

(3) that no "special circumstances make an award unjust"; and,

(4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner v. Jean*, 496 U.S. 154, 158 (1990).

The court will address these elements in reverse order. Regarding the fourth element, Plaintiff's fee petition was timely filed and supported by an itemized statement of how Plaintiff's attorney spent her time, so that element is satisfied. Regarding the third element, the court discerns no special circumstances that would make an EAJA award unjust, so that element is satisfied as well. Regarding the second element, Plaintiff argues that Defendant's position in denying him disability benefits under the Social Security Act was not "substantially justified[,]" and invokes binding precedent standing for the proposition that the burden of persuasion on the substantial-justification issue lies with the Government. [DE-26 (citing *Pierce v. Underwood*, 487 U.S. 552, 567 (1988))]. By consenting to Plaintiff's petition, Defendant has declined to meet its burden, and the court accordingly concludes that the second element is satisfied, too.

That leaves the first element: whether, as Plaintiff argues, he is the "prevailing party" in this litigation, which the Plaintiff bears the burden of demonstrating. *Reich v. Walter W. King Plumbing & Heating Contractor*, 98 F.3d 147, 150 (4th Cir. 1996). The Fourth Circuit has said that a litigant is the prevailing party within the meaning of 28 U.S.C. § 2412(d)(1)(A) if the litigant "succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Rhoten v.*

2

*Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). Plaintiff's complaint alleged that "[t]he decision of Defendant that Plaintiff is not disabled is not supported by substantial evidence and applies an erroneous standard of law" and sought, *inter alia*, "[t]hat the court remand this case to the Defendant for a fair hearing[.]" [DE-1-2] In its January 12, 2021 order, the court granted Defendant's consent motion to remand this case for additional administrative proceedings, which Defendant argued was necessary because "further fact finding" was required. [DE-21; DE-22] The Fourth Circuit has held that where Social Security claimants secure a reconsideration of their claims through litigation, they are prevailing parties within the meaning of 28 U.S.C. § 2412(d)(1)(A). *Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) ("there now can be no doubt that the claimants are the prevailing parties . . . [because] the claimants have achieved their principal goal of reconsideration of their claims"). *Hyatt* makes clear that Plaintiff, who has secured the further hearing that he petitioned the court to grant him, is a prevailing party within the meaning of 28 U.S.C. § 2412(d)(1)(A). The court therefore concludes that all of elements set forth within *Jean* have been satisfied, and that Plaintiff is eligible for an award under the EAJA.

The final question remaining is what amount of fees should be awarded. 28 U.S.C. § 2412(d)(2)(A) sets forth that attorney's fees awarded pursuant to the EAJA must be (1) "reasonable" and (2) "based upon prevailing market rates for the kind and quality of the services furnished[,]" and (3) "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff requests $4,450, representing "24 hours of attorney work performed[,]" an amount to which Defendant stipulates in settlement. [DE-25; DE-26]

By the court's math, that amounts to approximately $185 per hour. However, Plaintiff's petition is silent regarding prevailing market rates, cost of living, or any special factors justifying a fee in excess of the $125-per-hour statutory cap set by Congress. And the Fourth Circuit has rejected arguments that

3

expertise in Social Security cases provides a reason for exceeding the statutory cap. *See Hyatt*, 315 F.3d at 251–52 (collecting cases). The court therefore sees no reason to conclude that an hourly fee exceeding $125 is justified here.

Accordingly, the court AWARDS Plaintiff $3,000, representing 24 hours of attorney work at $125 per hour. The court FINDS this award to be reasonable within the meaning of 28 U.S.C. § 2412(d)(2)(A). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, (2010), EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fee awards to any debt that the Plaintiff may owe to the federal government. The court accordingly DIRECTS Defendant to make the check payable to the Plaintiff and to deliver the check to the office of Plaintiff's counsel after subtracting the amount of Plaintiff's outstanding federal debt.

Should Plaintiff prevail upon remand and seek attorney's fees under 42 U.S.C. § 406(b), the court will address Plaintiff's timely application at that time, along with any opposition that the Government may make thereto.

SO ORDERED this the 25th day of January, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE